

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

**ORIGINAL**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 3:05-CR-240-P |
| | § | |
| AYESHA SIDDIQUI (6) | § | |

## PLEA AGREEMENT

Ayesha Siddiqui, Michael P. Gibson, the defendant's attorney, and the United States of America (the government), agree as follows:

1.   **Rights of the defendant**: Siddiqui understands that she has the rights

    a.     to plead not guilty;

    b.     to have a trial by jury;

    c.     to have her guilt proven beyond a reasonable doubt;

    d.     to confront and cross-examine witnesses and to call witnesses in her defense; and

    e.     against compelled self-incrimination.

2.   **Waiver of rights and plea of guilty**:   Siddiqui waives these rights and pleads guilty to the offense alleged in a one Count information, charging a violation of 21 U.S.C. § 846, that is, conspiracy to distribute controlled substances.  Siddiqui understands the nature and elements of the crime to which she is pleading guilty, and agrees that the factual resume she has signed is true and will be submitted as evidence.

Plea Agreement - Page 1

3.    **Sentence:**   The maximum penalties the Court can impose include:

    a.    imprisonment for a period not to exceed 5 years;

    b.    a fine not to exceed $250,000.00 or twice any pecuniary gain to the defendant or loss to the victim(s);

    c.    a term of supervised release of at least 2 years, shall be mandatory under the law and will follow any term of imprisonment.  If Siddiqui violates the conditions of supervised release, she could be imprisoned for the entire term of supervised release;

    d.    a mandatory special assessment of $100.00;

    e.    restitution to victims or to the community, which may be mandatory under the law, and which Siddiqui agrees may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone; and

    f.    costs of incarceration and supervision.

4.    **Court's sentencing discretion and role of the Guidelines:**   Siddiqui understands that the sentence in this case will be imposed by the Court after consideration of the United States Sentencing Guidelines.  The guidelines are not binding on the Court, but are advisory only.   Siddiqui has reviewed the guidelines with her attorney, but understands no one can predict with certainty the outcome of the Court's consideration of the guidelines in this case.  Siddiqui will not be allowed to withdraw her plea if her sentence is higher than expected.  Siddiqui fully understands that the actual sentence imposed (so long as it is within the statutory maximum) is solely in the discretion of the Court.

5.    **Mandatory special assessment**:    Siddiqui agrees to pay to the U.S. District Clerk the amount of $100.00, in satisfaction of the mandatory special assessment in this case.

6.    **Defendant's cooperation**:    Siddiqui shall cooperate with the government by giving truthful and complete information and/or testimony concerning her participation in the offense of conviction and any knowledge of criminal activities committed by Siddiqui and/or others.  Upon demand, Siddiqui shall submit a personal financial statement under oath and submit to interviews by the government and the U.S. Probation Office regarding her capacity to satisfy any fines or restitution. The defendant agrees not to make a claim or assert any interest in, contest, challenge, or appeal in any way the administrative or criminal forfeiture to the United States of America of any and all property, real or personal, alleged subject to forfeiture in the Indictment or any of the three Bills of Particulars filed in this criminal case.  She agrees this property is subject to forfeiture pursuant to 21 U.S.C. § 881(a) either as proceeds from a violation of 21 U.S.C. §§ 841 or 846 or as property used or intended to be used to facilitate a violation of 21 U.S.C. §§ 841 or 846.

7.    **Government's agreement**:    The government will not bring any additional charges against Siddiqui based upon the conduct charged in the indictment and information.  In addition, the Government will dismiss the September 20, 2005, indictment as to Siddiqui only, at the time of sentencing.  If, in its sole discretion, the government determines that Siddiqui has provided substantial assistance in the

**Plea Agreement - Page 3**

investigation or prosecution of others, it will file a motion urging sentencing consideration for that assistance. Whether and to what extent to grant the motion are matters solely within the Court's discretion. This agreement is limited to the United States Attorney's Office for the Northern District of Texas and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against Siddiqui or any property.

8.    **Violation of agreement**:  Siddiqui understands that if she violates any provision of this agreement, or if her guilty plea is vacated or withdrawn, the government will be free from any obligations of the agreement. In such event, Siddiqui waives any objections based upon delay in prosecution.

9.    **Voluntary plea**:  This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement. There have been no guarantees or promises from anyone as to what sentence the Court will impose.

10.    **Waiver of right to appeal or otherwise challenge sentence**: Siddiqui waives her rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal from her conviction and sentence. She further waives her right to contest her conviction and sentence in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. Siddiqui, however, reserves the rights (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing, (b) to challenge the voluntariness of her plea of guilty or this waiver, and

Plea Agreement - Page 4

(c) to bring a claim of ineffective assistance of counsel.

11.    **Representation of counsel**: Siddiqui has thoroughly reviewed all legal and factual aspects of this case with her lawyer and is fully satisfied with that lawyer's legal representation. Siddiqui has received from her lawyer explanations satisfactory to her concerning each paragraph of this plea agreement, each of her rights affected by this agreement, and the alternatives available to her other than entering into this agreement. Because she concedes that she is guilty, and after conferring with her lawyer, Siddiqui has concluded that it is in her best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

12.    **Entirety of agreement**:   This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties.

AGREED TO AND SIGNED this 3rd day of October , 2006.

RICHARD B. ROPER
UNITED STATES ATTORNEY

AYESHA SIDDIQUI
Defendant

WILLIAM MCMURREY
Assistant United States Attorney
Texas State Bar No.  13811100
1100 Commerce Street, Third Floor
Dallas, Texas  75242-1699
Telephone:   214.659.8649
Facsimile:   214.767.2846

MICHAEL P. GIBSON
Attorney for Defendant
Texas State Bar No. 07871500

ROBERT L. WEBSTER
Criminal Chief

**Plea Agreement - Page 5**

I have read (or had read to me) this Plea Agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

_____          _____
AYESHA SIDDIQUI                                                    Date


I am the defendant's counsel. I have carefully reviewed every part of this Plea Agreement with the defendant. To my knowledge and belief, my client's decision to enter into this Plea Agreement is an informed and voluntary one.

_____          _____
MICHAEL P. GIBSON                                                 Date
Attorney for Defendant


Plea Agreement - Page 6